In the Matter of BROOKLYN AUDIT Co., INC., Respondent, *v.* DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant.

Argued May 21, 1937; decided July 13, 1937.

*Seth T. Cole* and *Harry T. O'Brien, Jr.*, for appellant. Resignation of a respondent during the pendency of charges, brought pursuant to section 22 of the Civil Service Law (Cons. Laws, ch. 7), does not terminate the proceeding thereunder. (*People ex rel. McCune* v. *Board of Police*, 26 Barb. 487; *People ex rel. Swan* v. *Loomis*, 8 Wend. 396; *People ex rel. Childs* v. *Dart*, 57 Minn. 261; *Daugherty* v. *Nagel*, 27 Ida. 511; *Hunter* v. *Chandler*, 45 Mo. 452; *Hammer* v. *State ex rel. Richards*, 44 N. J. L. 667; *Commonwealth ex rel. Jackson* v. *Smith*, 45 Penn. St. 59; *People* v. *Rodgers*, 118 Cal. 393; *Albright* v. *Territory*, 13 N. M. 64; *State* v. *Pierce*, 35 Wis. 93; *People* v. *Hartwell*, 12 Mich. 508.) The resignation is not effective for any purpose until accepted by the Commissioner of Taxation and Finance. (*Edwards* v. *United States*, 103 U. S. 471; *People ex rel. McCune* v. *Board of Police*, 26 Barb. 487; *Van Orsdall* v. *Hazard*, 3 Hill, 243; *People* v. *Board of Education of New York*, 32 How. Pr. 167; *Matter of Palmer*, 49 State Dept. Rep. 75; *People ex rel. German Ins. Co.* v. *Williams*, 145 Ill. 573; *Fryer* v. *Norton*, 67 N. J. L. 537; *Clark* v. *Board of Education*, 112 Mich. 656; *Rogers* v. *Slonaker*, 32 Kan. 191; *Coleman* v. *Sands*, 87 Va. 689; *Sutliffe* v. *City of New York*, 132 App. Div. 831.)

*Charles Berlin, Herman S. Bachrach* and *Harry P. Albert* for respondent. The removal proceedings against the tax examiner were terminated by his resignation. (Op. Attorney-General, [1913] 293; *People ex rel. Hanrahan* v. *Board of Police*, 26 N. Y. 316; *Olmsted* v. *Dennis*, 77 N. Y. 378; *Gilbert* v. *Lucy*, 11 Barb. 91; *Cassedy* v. *Wilkins*, 137 Misc. Rep. 748; *Young* v. *City of Rochester*, 73 App. Div. 81; *Gelson* v. *City of New York*, 262 N. Y. 497.)

FINCH, J. The resignation of the income tax examiner in the Department of Taxation and Finance during the pendency of charges brought pursuant to section 22 of the Civil Service Law (Cons. Laws, ch. 7) does not ter-

minate the proceeding. If the facts were that the only result of the proceeding would be removal from office, and that nothing survived a resignation, then the latter might terminate the proceeding, a continuation of which would be futile. In the case at bar, however, if a person is removed from the civil service, as distinguished from resigning, he may be disqualified by the Civil Service Commission from holding further office under the civil service (Civil Service Law, § 14; Rules for Classified Civil Service, rule 9, subd. 4). To permit the resignation to terminate the proceeding would deprive the Civil Service Commission of the right to disqualify the offending employee from holding further office in the civil service. The purpose of a proceeding under section 22 of the Civil Service Law, therefore, is not consummated by the mere withdrawal of the examiner from the position which he has occupied.

It follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., concur; HUBBS, LOUGHRAN and RIPPEY, JJ., dissent.

Ordered accordingly.