In the Matter of EMILY DELIA, as Committee of the Person and Estate of HARRY M. ANDERSON, an Incompetent Person, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, et al., Respondents.

Supreme Court, Special Term, New York County, June 14, 1945.

*Theodore I. Welenken* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Pauline K. Berger* of counsel), for respondents.

STEUER, J. Petitioner is the committee of an incompetent. The incompetent was appointed a member of the Police Department of the City of New York on January 17, 1923. On January 2, 1943, he was given a twenty-day furlough. At that time he was considering retirement but just what steps he had taken to accomplish this are in dispute. On January 3, 1943, he was arrested on a charge of murder in the second degree and on the same date suspended from duty. On January 14, 1943, he was served with charges by the Police Department. On March 19, 1943, he was committed for mental examination by the Kings County Court and on May 13, 1943, the same court committed him to Matteawan State Hospital for the insane. On May 20, 1943, he was dropped from the rolls of the Police Department. On June 15, 1943, petitioner was appointed committee for the incompetent by the Supreme Court, Dutchess County. He has been continuously in the hospital since that time and neither the criminal nor the departmental charges have ever been heard. During all the time of his service, the incompetent contributed to the Police Pension Fund.

In this and the companion motion petitioner seeks six different forms of relief looking towards a pension or payment of salary.

The applications for the granting of a pension are made under various subdivisions of the Administrative Code of the City of New York (ch. 18, tit. B, art. 2, § B18-40.0 *et seq.*). While there are valid defenses applicable to certain of the requests, there is one objection which is common to all and which is controlling. Retirement and the consequent pension do not flow automatically from disability or even a finding of disability by the competent trier of the facts. The trustees of the Police Pension Fund must first vote for retirement. In so doing they are vested with a certain discretion. While the boundaries of that discretion are not clearly marked, it is at least certain that a member under charges cannot compel action until the charges are disposed of. (*Matter of Pierne* v. *Valentine,* 291 N. Y. 333.)

Petitioner also applies to have the court direct respondents to appoint a medical board for the examination of the petitioner's ward and to take all steps for the determination of the peti-

tioner's pension rights. Respondents' answer to this claim is that the incompetent having been dropped from the rolls has ceased to be a member of the department and as such cannot apply for retirement or a pension. This contention that petitioner is wholly without rights is so contrary to every equitable consideration that it cannot be accepted without clear legal or statutory mandate. It is quite clear that the bar to the acquisition of pension rights is the fact that the incompetent was subject to suspension and that he can have no relief while this suspension continues in effect. The path to lifting the suspension depends on the outcome of the trial of charges pending against him. To have a trial of the charges it is not essential that he be a member of the department at the time of trial. (*Matter of Bklyn Audit Co.* v. *Dept. of Taxation,* 275 N. Y. 284.) To date, petitioner has taken no steps looking to this particular relief, so there is no indication as to whether the respondent Police Commissioner is opposed to the holding of a trial.

The decision herein involves so many incidental points that discussion of all of them would require a text of respectable proportions. Omission of such discussion does not imply that these points have been overlooked.

The motion is accordingly denied without prejudice to a further application in accordance with this opinion should the same become advisable.