In the Matter of EDWIN H. FLOOD, Petitioner, against GEORGE P. MONAGHAN, Individually and as Commissioner of the Police Department of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 5, 1951.

*Robert J. Fitzsimmons* for petitioner.

*Denis M. Hurley, Corporation Counsel* (*W. Bernard Richland* and *Pauline K. Berger* of counsel), for respondents.

CORCORAN, J. This is an application for an order of prohibition against the police commissioner of the City of New York from continuing the conduct of disciplinary proceedings which have been instituted against the petitioner.

On May 15, 1951, the petitioner was suspended from the police department and charges were brought against him looking to his discipline or removal for conduct unbecoming an officer, conduct prejudicial to the good order and efficiency of the department, and neglect of duty and violation of the rules and regulations of the department. A trial upon these charges was scheduled but it has been adjourned from time to time. It has now been set down for today.

On October 19, 1951, while the charges were still pending against him, the petitioner filed an application for retirement, effective immediately. He now asks that the police commis-

sioner be restrained from proceeding with the charges against him on the ground that he has retired and is no longer a member of the police department.

In *Gorman* v. *City of New York* (109 N. Y. S. 2d 539) I held that for retirement allowance purposes, retirement of a police officer with the requisite years of service becomes effective immediately upon the filing of his application, and that the provisions of New York City Local Law No. 44 of 1951, postponing the effective date of retirement for thirty days after application, violates section 7 of article V of the State Constitution. The petitioner's retirement, therefore, was effective on October 19, 1951, and he ceased to be a member of the police department on that date.

The right to automatic retirement, however, does not give a member immunity from a departmental disciplinary proceeding which was commenced while he was a member and which was pending when he retired.

Whether the petitioner would be entitled to prohibition if the only purpose of the filing of charges was to remove him from office need not be decided, for it is clear that there are other purposes as well. The departmental trial would have three purposes, in the event the petitioner were found guilty: (a) to remove him from office; (b) to render him subject to disqualification from holding further office in the civil service; (c) to forfeit his salary during the period of suspension. Only the first of these purposes has been eliminated by the petitioner's retirement.

Under subdivision 4 of section 14 of the Civil Service Law, if a person has been removed from the civil service, as distinguished from retiring or resigning, he may be disqualified by the Civil Service Commission from holding further office under the civil service. Prosecution of the disciplinary proceeding is necessary so that the Civil Service Commission may be informed of the delinquency or misconduct if the facts warrant a dismissal from the service. No act of retirement can deny the public the protection of that provision of the Civil Service Law (*Matter of Brooklyn Audit Co.* v. *Department of Taxation & Finance*, 275 N. Y. 284).

The prohibition of disciplinary proceedings in the case at bar would not only frustrate the provisions of the Civil Service Law relating to disqualification, it would also enable petitioner to make a claim for salary withheld during suspension. Sec-

tion 434a-20.0 of the Administrative Code of the City of New York provides for the suspension without pay of a policeman against whom disciplinary proceedings are pending, and further provides: '' If any member so suspended *shall not be convicted* by the commissioner of the charges so preferred, *he shall be entitled to full pay* from the date of suspension, notwithstanding such charges and suspension.'' (Italics supplied.)

Thus, unless the rule of the *Brooklyn Audit* case is applied here, not only will petitioner escape the penalty provided by section 14 of the Civil Service Law, but he will stand to gain a substantial monetary benefit which would be denied him if the disciplinary proceedings were continued and he was '' found guilty.''

Neither *Matter of Pierne* v. *Valentine* (291 N. Y. 333) nor *Matter of Rogalin* v. *New York City Teachers' Retirement Bd.* (290 N. Y. 664) affects the question presented here. In the *Rogalin* case, the action was one to compel the retirement board to act, and the only question presented was whether the board was bound to grant an application for retirement which was made by a teacher after charges in disciplinary proceedings had been served upon him. No attempt was made by the teacher to prevent the prosecution of the charges which had been made against him. Here, no proceeding has been commenced to require the police pension board to retire petitioner. In the *Pierne* case, the charges upon which the enjoined disciplinary proceeding was based were not served upon the police officer there involved until after he had filed a self-executing retirement application which had already become effective. Thus, in the *Pierne* case, the police commissioner was attempting to try a person on charges which were not made until after a policeman had, through retirement, become a private individual and no longer a proper subject of charges. In the present case, as in the *Brooklyn Audit* case, and in contrast to the *Pierne* case, the charges were validly made against a public officer who, at the time the charges were made, was in the public employ and subject to the disciplinary powers of his superior official.

The application is denied.