Walter A. Lynch, J.
Petitioner seeks an order, pursuant to article 78 of the Civil Practice Act, directing the commissioner of the police department to certify the petitioner on the payroll and further directing the comptroller of the City of New York to sign a warrant for the salary of petitioner as a police officer of the Police Department of the City of New York and for other relief.
The petitioner, while a member of the Police Department of the City of New York on November 2,1955, committed an assault with a loaded revolver on his wife, by shooting her, thereby causing her serious injury, for which she was hospitalized. On said date the police commissioner suspended the petitioner from duty and on the following day, November 3, 1955, charges and specifications were made against the petitioner to the police commissioner through regular channels by petitioner’s superior officer. On January 6,1956 petitioner was indicted by the Kings County Grand Jury on three counts, assault in the first degree, assault in the second degree and violation of section 1897 of the Penal Law. As of April 19, 1956 petitioner was on June 2,1956 granted a disability pension by the trustees of the police pension fund. On June 12, 1956 petitioner pleaded guilty to assault in the second degree, a felony, and on September 12, 1956 was sentenced in the County Court of Kings County, on his plea of guilty, to a term of imprisonment at Sing Sing Prison of not less than two and one-half years nor more than five years, and in addition thereto a fine of $1,000. On September 19, one week after his sentence, he was found guilty by the acting police commissioner of specification No. 1 filed against him on November 3, 1955.
Petitioner now comes before the court seeking full pay from the date of his suspension, November 2,1955, to the date of retirement, April 19, 1956, claiming that by reason of his retirement and the “ filing ” — which is police parlance for the inactivation — of the charges, the police commissioner was without authority to try him on the charges and specifications of November 3, 1955, once having been retired. The respondents contend that retirement would not prevent the police department from proceeding to arrive at a determination of the charges made against petitioner prior to retirement.
The court is of the opinion that petitioner’s claim lacks merit. Neither the equities nor the law supports the contention of petitioner. The charges in the instant case were validly made against the petitioner, a civil service employee, who at the time the charges were made was subject to the disciplinary powers of *591 Ms superiors in the police department. Instead of bringing him to trial at once on the departmental specifications, he was given the opportumty to defend his freedom before being called upon to defend his job. Any other procedure might well have prejudiced his defense to the criminal indictment found against him. The consideration thus shown him may not be used to cause his unjust enrichment through payment of Ms salary for the period he was under suspension and did not work during-the pendency of the criminal and departmental charges, to the former of which he pleaded guilty.
As the late Justice Corcoran stated in Matter of Flood v. Monaghan (201 Misc. 560, 561-562):
‘‘ Under subdivision 4 of section 14 of the Civil Service Law, if a person has been removed from the civil service, as distinguished from retiring or resigning, he may be disqualified by the Civil Service Commission from holding further office under the civil service. Prosecution of the disciplinary proceeding is necessary so that the Civil Service Commission may be informed of the delinquency or misconduct if the facts warrant a dismissal from the service. No act of retirement can deny the public the protection of that provision of the Civil Service Law (Matter of Brooklyn Audit Co. v. Department of Taxation & Finance, 275 N. Y. 284).
“ The prohibition of disciplinary proceedings in the case at bar would not only frustrate the provisions of the Civil Service Law relating to disqualification, it would also enable petitioner to make a claim for salary withheld during suspension. Section 434a-20.0 of the Administrative Code of the City of New York provides for the suspension without pay of a policeman against whom disciplinary proceedings are pending, and further provides : ‘ If any member so suspended shall not he convicted by the commissioner of the charges so preferred, he shall he entitled to full pay from the date of suspension, notwithstand such charges and suspension.’ (Italics supplied.)
“ Thus, unless the rule of the Brooklyn Audit case is applied here, not only will petitioner escape the penalty provided by section 14 of the Civil Service Law, but he will stand to gain a substantial monetary benefit which would be derned him if the disciplinary proceedings were continued and he was ‘ found guilty.’ ”
Motion is in all respects denied. Petition dismissed.