Dye, J.
In the first of the above-entitled actions the plaintiffs, members of the New York City Police Department, sue to recover pay allegedly wrongfully withheld during periods of their suspension, pending trial in Special Sessions, on charges brought against them of alleged violation of section 580 of the Penal Law (conspiracy). Following trial in Special Sessions, the plaintiffs were acquitted. O’Neill, the plaintiff in the second action, was charged not with conspiracy but with felonious assault, and was tried (and acquitted) not in Special Sessions but in Kings County Court. At the departmental trial, on amended charges, the respective plaintiffs were found by the Commissioner not guilty of certain of the amended specifications, and guilty as to certain others, “ of unlawfully and wilfully extending an unwarranted and unnecessary privilege to [a motorist] and of failing to take necessary police action against him ”, and a disciplinary sentence “ To forfeit thirty (30) days pay and placed on probation for a period of one year ” was imposed on each. The plaintiffs were not paid for the period of their suspension pending trial in Special Sessions.
Section 434a-20.0 of the Administrative Code of the City of New York authorizes suspension of members of the police force “ without pay, pending the trial of charges ” and then provides that in the event “ any member so suspended shall not be convicted by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension”. That language is clear and unequivocal and requires no construction. These petitioners, having been convicted following a hearing on departmental charges, do not bring themselves within the clear wording entitling them “ to full pay from the date of suspension ”. It is only when the member so suspended “ shall not be convicted ” that the right ‘1 to full pay ” becomes operative.
*451 Nothing in section 434a-14.0 requires a different result. As the titles indicate, the sections are separate and distinct. One relates to suspension of members, the other to discipline. In the latter category the Commissioner is given the power, among others, (1) to forfeit or withhold pay as a punishment for a specified time or (2) to suspend without pay. As to (1), the forfeiture or deduction of pay, punishment is limited to “no more than thirty days’ salary ’’while, as to (2), suspension, there is no such limitation. The condition precedent entitling a member to pay during suspension is that he ‘ ‘ shall not be convicted * * * of the charges so preferred ”. There is a sound basis for adopting a distinction. Forfeiture or withholding of pay implies that the member is not suspended and that he continues to perform his services on the force. The framers of the section apparently felt that the forfeiture of 30 days’ pay was sufficient punishment for breach of discipline. However, we have a different situation when we deal with suspension upon charges, pursuant to section 434a-20.0. That implies that the official is relieved of duty during the interval. The Commissioner is accorded a broad discretionary power without limitations. The courts have consistently held that a member of the police force is not entitled to salary during suspension following a conviction on charges. That was the rule under the predecessor section 292 of the Greater New York Charter, which was re-enacted without substantial change as section 434a-20.0 (People ex rel. Flynn v. Woods, 218 N. Y. 124; Halpin v. City of New York, 51 Misc. 128, appeal dsmd. 146 App. Div. 881), and the rule has been continued as to section 434a-20.0 (Matter of Baker v. Kennedy, 6 Misc 2d 589; Matter of Flood v. Monaghan, 201 Misc. 560).
It seems clear that if the nature of the punishment rather than the fact of acquittal had been intended — and we do not so read the language used — it would have been a simple matter for the Legislature to have provided that if a member “ shall not be dismissed” he shall be entitled to full pay. Section 434a-20.0 is complete and self-contained. Any reference to sections relating to other city employees, using different language, such as section 884-1.0, may not be reconciled and should not be resorted to, as, quite obviously, the different enactments were designed to indicate a different legislative intent.
*452 In the Brenner matter, we agree with the holding in the court below that the statute is satisfied so long as departmental charges are filed within a reasonable time after suspension and a trial is thereafter held.
The judgments appealed from should be affirmed, without costs.