JOHN DOE and RICHARD DOE, Plaintiffs-
Appellees, *v*. STATE ETHICS
COMMISSION, Defendant-Appellant

No. 5141

March 7, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

The issue in this case is whether the State Ethics Commission has the power to consider complaints, make investigations, and prosecute charges concerning individuals who have terminated their employment with the State.

Plaintiffs are former employees of the State of Hawaii. Charges were brought against them for violation of sections of H.R.S. Chapter 84. While investigations relating to the charges were being conducted, both employees resigned. The circuit court enjoined the Ethics Commission's proceedings noting that the plaintiffs were no longer in the employment of the State.

The act creating the Ethics Commission was enacted by the legislature to ensure honest government. The commission's primary purpose is to remove dishonest individuals from positions of public trust and confidence. Under HRS § 84-33, employees may be reprimanded, put on probation,

demoted, suspended, or discharged. Once a public employee has withdrawn from public service, however, the object of Chapter 84 is accomplished. If the act of a former employee warrants criminal prosecution or institution of civil action, other authorities may conduct any investigations necessary. There is no need for continued Ethics Commission action because the commission's findings will be neither binding on the court nor competent evidence.

We note that other jurisdictions, considering similar statutes have held that commissions may continue to process charges even after the person being investigated has resigned. *Ferguson v. Maddox*, 114 Tex. 85, 263 S.W. 888 (1924); *Brooklyn Audit Co. v. Department of Taxation and Finance*, 275 N.Y. 284, 9 N.E.2d 930, 294 N.Y.S. 762 (1937); *Flood v. Monaghan*, 201 Misc. 560, 108 N.Y.S.2d 414 (Sup. Ct. 1951); *Baker v. Kennedy*, 6 Misc. 2d 589, 161 N.Y.S.2d 720 (1957); *Frederick v. Combs*, 354 S.W.2d 506 (Ct. App. Ky. 1962).

Those cases are based, however, on provisions disqualifying disciplined employees from holding other public offices. Ky. R.S. § 63.990 (1971); Tex. Const. art. XV, sec. 4. And in some of those cases, the power of the commissions to investigate former employees was based on the fact that former employees who were not technically discharged would be able to seek back pay for periods in which they were suspended from work. *Flood v. Monaghan*, 201 Misc. 560, 108 N.Y.S.2d 414 (Sup. Ct. 1951); *Baker v. Kennedy*, 6 Misc. 2d 589, 161 N.Y.S.2d 720 (1957).

Under our statute, by contrast, no justification for continued action exists. The power of the Ethics Commission to publish decisions educating public employees as to what conduct is considered ethical is not sufficient to warrant intrusion into the private life of a former employee, regardless of the fact that charges were filed while the employee was still in governmental service. The commission's almost unlimited power to accuse, prosecute, and judge, and its discretion on when to charge an employee, when to start an investigation, and when to give an employee a hearing

are concomitant with a serious danger of abuse. Appellees' fear that the commission's action in this case may have been politically motivated may not be entirely frivolous.[1] In view of the possibility of abuse, we do not believe that the legislature intended to give the commission jurisdiction over employees who have resigned from service, whether or not the charges were brought prior to the employees' resignation. The injunction issued below was properly granted.

Affirmed.

*Kathleen K. O. Conahan*, Special Counsel, for defendant-appellant State Ethics Commission.

*Arthur S. K. Fong and Jack H. Mizuha* for plaintiffs-appellees.

### DISSENTING OPINION OF RICHARDSON, C.J.,<br>WITH WHOM LEVINSON, J., JOINS

I respectfully dissent.

The majority position is premised on a narrow construction of the object of the State Ethics Commission under HRS chapter 84. The rationale of the majority may be stated as follows: The primary function of the Ethics Commission under the subject statute is to remove dishonest individuals from positions of public trust. This purpose is accomplished when an alleged delinquent state employee voluntarily terminates his employment with the state. Hence, continuing jurisdiction by the Ethics Commission is unnecessary.

The legislature did not intend that chapter 84 be given such a circumscribed construction. The legislature required clearly in HRS § 84-1 that this "chapter shall be

---

[1]Appellees in their Answering Brief, p.18, state:

"The original charge was made in March, 1969, and no action was thereafter taken long after the individual's termination of public service which occurred in January, 1970. The amended charge of September 14, 1970, served on John Doe on September 15, 1970, coincidentally occurred during the heat of a contested gubernatorial election. One of the most serious charges was that of conflict of interest of the Administration. Was such amended charge based on political or publicity reasons and desire to continue proceedings?"

liberally construed to promote high standards of ethical conduct in state government." This legislative mandate compels a broader construction of the statute's objects than that adopted by the majority.

Consistent with the liberal construction to be given the statute, a vital function of the Ethics Commission, in addition to eliminating dishonest individuals from the state's employment, is establishment of standards of conduct which will serve as guides for state legislators and employees. The obvious value of this education mandate is the preventive ethics function served.

The educational purpose of the statute is spelled out by certain provisions in the statute and is consistent with the stated legislative intent and purposes of chapter 84. Section 84-31(f) requires the Commission to publish "yearly summaries of decisions on questions raised by complaints or by requests for advisory opinions." In addition, "The commission shall make sufficient deletions in the summaries to prevent disclosing the identity of persons involved in the decisions or opinions." The only plausible purpose that may be attributed to section 84-31(f) is establishment of guidelines for conduct of state employees. The object of publication of decisions and opinions deleting names of censured parties, surely is not punitive but rather for educational purposes.

This reading of section 84-31(f) squares with the stated legislative intent and purposes of chapter 84. The preamble to Act 263, S.L.H. 1967 states:

> . . . The purposes of this Act are (1) to prescribe standards of conduct for the guidance of state legislators and employees; (2) to prohibit certain conduct involving state legislators and employees; (3) to establish a state ethics commission; (4) to provide for advisory opinions by the state ethics commission for the interpretation of laws and rules relating to the ethics of state legislators and employees; and (5) to provide a method whereby state legislators and employees unjustly accused of improper conduct can obtain vindication.

In addition, the Conference Committee Report No. 16,

4th Legislature, First Session (1967) states:

> With the passage of time, it is hoped that the advisory opinions will furnish valuable guides, be a source of reference for all persons concerned and contribute to a proper understanding of the code. These opinions should reflect the practical operation of the code and begin to develop a body of "case law" on ethics.

It is clear that prescription of conduct for state legislators and employees through publication of decisions and opinions is a primary function of the Ethics Commission. To perform this function effectively, the Commission must be granted jurisdiction to continue processing changes in the instant case.

Additional considerations require that the Ethics Commission be given continuing jurisdiction after one has terminated his employment with the state. First, to deny continuing jurisdiction in the present case would produce an absurd result. Statutes should be construed in a manner that avoids effecting an absurd result. *Pacific Insurance Co. v. Oregon Auto. Ins. Co.*, 53 Haw. 208, 490 P.2d 899 (1971). Construing the subject statute to deny jurisdiction would lead to patent absurdity. In the case of Richard Doe, the consequence is that the Ethics Commission is prevented from saying that a state employee who plans to terminate his employment with the state may not, while still state-employed, influence legislation that would favorably affect his personal station after leaving state employment. The legislature certainly could not have intended this result.

Second, proceedings by the Ethics Commission should continue in order to determine the former employee's eligibility for later re-employment by the state. The Commission should be allowed to make investigations and hold hearings while the evidence is fresh and witnesses available. Its findings should be entered on the confidential personnel record so that later evaluation of the individual's record will clearly indicate whether the individual has been cleared of the charges or censured and thereby possibly precluded from securing employment by the state.

The majority cites, but finds distinguishable, case authorities which support granting the Commission continuing jurisdiction. I find these cases applicable to the instant case and consistent with my position. The rationale in these cases is that resignation of office should not shield an officer from the substantial consequences of an adverse determination of the charges against him. One substantial consequence of discipline is disqualification from holding other public offices. *Frederick v. Combs*, 354 S.W.2d 506 (Ct. App. Ky. 1962); *Ferguson v. Maddox*, 114 Tex. 85, 263 S.W. 888 (1924); *Brooklyn Audit. Co. v. Department of Taxation and Finance*, 275 N.Y. 284, 9 N.E.2d 930, 294 N.Y.S. 762 (1937); *Baker v. Kennedy*, 6 Misc. 2d 589, 161 N.Y.S.2d 720 (1957).

For the above-stated reasons I would reverse the ruling of the circuit court.