Jones, J.
We are asked to uphold a challenge to the legality of a penalty of loss of salary imposed by the Police Commissioner of the City of New York in a disciplinary proceeding.
Respondent was found guilty after a departmental hearing of a violation of the Rules and Procedures of the New York City Police Department. As punishment the Police Commissioner directed that he be fined "90 days pay and * * * be relieved of duty for that period of time”. On review in this article 78 proceeding the Appellate Division confirmed the finding of guilt but modified the punishment to a fine of 30 days with relief of duty, relying on section 434a-14.0 of the Administrative Code of the City of New York. That section, insofar as relevant, provides: "The commissioner shall have power * * * to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dismissal from the force; but no more than thirty days’ salary shall be forfeited or deducted for any offense. ’’(Emphasis supplied.)
Appellant commissioner seeks to uphold the 90-day forfeiture of salary by contending that the discipline meted out was in fact a suspension for 90 days, as to which it is asserted Brenner v City of New York (9 NY2d 447) is authority that there is no 30-day limitation on the concurrent withholding of salary.
*692 The difficulty with appellants’ position is that, although the language to accomplish such an objective was readily available, the commissioner did not impose a "suspension”, but instead required a forfeiture of salary (beyond that permitted by the code) and coupled with it relief from duty. We do not regard the two penalties as indistinguishable. While we have recognized that "[forfeiture or withholding of pay implies that the member is not suspended and that he continues to perform his services on the force” (Brenner v City of New York, supra, p 451), that is not to say that to add relief from duty elevates a forfeiture to a suspension. On the contrary, we can conceive of real distinctions between the two—with respect to personnel records, in the eyes of superiors and fellow officers and in the stigmas that may attach in the minds of others who learn of the disciplines. Suspension carries the implication of serious misconduct; relief from duty not necessarily so, for its predicates include misfortunes as well as misconduct, and even when joined with forfeiture of salary it does not connote offenses of the gravity associated with suspension.
Again, if appellant commissioner chose to impose the more severe discipline of suspension, the verbiage was at hand to do so. However, the language employed in the personnel order that followed the conclusion of the departmental hearing fell short of that action and may be read as reflecting an election not to impose that discipline. Bases for such a differentiation may well have been the facts, referred to in the report of the hearing officer, that respondent had an "excellent” prior record, that he had more than 25 years’ service in the department and that his retirement was imminent. Indeed, if the retirement was accomplished as expected at the time of the departmental hearing held on October 17, 1972, following which the effective retirement date was identified as November 18, 1972, the petitioner was already in retired status when the commissioner’s disciplinary order was promulgated on December 20, 1972.
Since the penalty imposed was a forfeiture of salary and not a suspension, it was limited by section 434a-14.0 of the Administrative Code to 30 days.
The judgment of the Appellate Division should be affirmed.