Jasen, J.
(dissenting). I would reverse the judgment of the Appellate Division and reinstate the determination of the Police Commissioner.
*693 As noted by the majority, when a member of the police force is found guilty after a departmental hearing, subdivision a of section 434a-14.0 empowers the Police Commissioner to punish the offending member by "reprimand, forfeiting and withholding pay for a specified time, suspension, without pay during such suspension, or by dismissal from the force”. Where a forfeiture is imposed, the same subdivision limits the commissioner’s power as follows: "no more than thirty days’ salary shall be forfeited or deducted for any offense.” Here the commissioner, having found the petitioner to be guilty as charged, sentenced him "[t]o be fined (90) ninety days pay and to be relieved of duty for that period of time.” Rather than phrasing the punishment in the same precise words contained in the statute, he articulated the sentence in terms of a fine of 90 days’ pay coupled with relief of duty for the same period. In my view there is no question, particularly in the context of a police disciplinary proceeding, that this punishment was intended to be a suspension, without pay, for 90 days.
Through very strained reasoning, the majority concludes that relief from duty, even when joined with forfeiture of salary, does not always "carr[y] the implication of serious misconduct”. At a minimum, that rationale ignores the fact that petitioner was indeed found guilty of "serious misconduct”. Any "stigmas that may attach in the minds of others who learn of the disciplines” are a direct result of petitioner’s misconduct, and not of any unspecified, innocent "misfortunes”. More importantly, however, it overlooks the terminology consistently used by the commissioner in exercising his powers under subdivision a of section 434a-14.0. Illustrative of the commissioner’s terminology is Police Department Personnel Order No. 320, dated December 20, 1972. That personnel order listed the disposition of the 52 completed disciplinary proceedings which involved charges filed during the 25 months prior to the filing of charges against petitioner. Of the 52 members of the force involved, 30 were found guilty of at least one specification. Of these 30, five received reprimands. Another 15 were fined from 3 to 10 days’ vacation. Of the remaining 10, 8, including petitioner, received sentences which were identical, except for the number of days involved.* Their sentences read: "_days pay, and to be relieved of *694 duty for that period of time.” In dispensing these sentences, the commissioner certainly was aware of his disciplinary powers under section 434a-14.0. A comparison of the punishments available under that section with the sentences actually given by the commissioner lead inescapably to two conclusions. First, a fine of a certain number of days of vacation was the vehicle through which the commissioner punished by "forfeiting and withholding pay for a specified time”. Second, a fine of "_days pay” coupled with relief from duty was the manner in which the commissioner imposed a "suspension, without pay during such suspension”. Inartful as his terminology may have been, and however unfortunate his choice of words, there can be no question that the punishments like those imposed on petitioner were simply "suspensions”, and not "forfeittires”. Rather than strain to reduce petitioner’s punishment as does the majority, I conclude that the words used by the commissioner in disposing of disciplinary proceedings should be given their intended effect.
In addition, I agree with Justice Lupiano, the lone dissenter below, that an analysis of our language in Brenner v City of New York (9 NY2d 447) compels the same result. In Brenner, we indicated that the 30-day limitation of section 434a-14.0 applies only to forfeitures, not suspensions (9 NY2d, at p 451). We also stated that "[forfeiture or withholding of pay implies that the member is not suspended and that he continues to perform his services on the force.” Rather than take the position that these observations in Brenner are not accurate statements of the law, the majority instead reasons that because there could conceivably be a forfeiture of pay coupled with relief from duty in wholly innocent circumstances, a punishment in that form cannot be construed as a suspension. In other words, if the commissioner intends a "suspension”, he must use that precise word; no other word or combination of words will comply with the statute. I cannot join in such reasoning. It is totally inconsistent with the clear implication of what was said in Brenner. Moreover, in the context of a police disciplinary proceeding, it ignores the actual intent of the commissioner. No "forfeiture” was ordered here. Petitioner was not required to forfeit his pay for 90 days of actual service on the force, nor does he so allege. By misreading the language used by the commissioner, and by misconstruing section 434a-14.0, the majority has afforded petitioner the type of judicial review of a punishment which is clearly *695 inappropriate where the commissioner has acted within the authority vested in him.
Chief Judge Breitel and Judges Gabrielli, Wachtler, Fuchsberg and Cooke concur with Judge Jones; Judge Jasen dissents and votes to reverse in a separate opinion.
Judgment affirmed, with costs.

 Two of these 10, in addition to receiving suspensions, were placed on probation for one year.