OPINION OF THE COURT
Martin Evans, J.
Petitioner, a former police officer, here petitions the court under CPLR article 78 for an order, in the nature of mandamus directing respondent police commissioner to process petitioner’s retirement application.
*133 Petitioner was appointed a police officer on April 27, 1962. In 1972, he was indicted for the crimes of grand larceny in the third degree and official misconduct. The indictment arose out of petitioner’s conversion of $289 and a bank passbook, which were turned over to him as found property, for safekeeping and vouchering according to law. Although the petitioner’s indictment was ultimately dismissed, petitioner was convicted of misconduct in a departmental trial and dismissed from the force on August 12, 1976. He had been under suspension pending trial, since having been served with the charges and specifications against him on October 18, 1973.
Following his dismissal, petitioner sought its review in a CPLR article 78 proceeding. This court (M. Evans, J.), by decision dated July 19, 1977, an order filed July 22, 1977 and a resettled order filed December 9, 1977, denied petitioner’s demand for reinstatement, finding that there was sufficient evidence to justify petitioner’s dismissal. Nevertheless, in order to prevent petitioner from being singled out for treatment more harsh than that meted out to other policemen found guilty of similar misconduct, the court directed that petitioner be reinstated as a police officer solely for the "limited purpose of resigning effective October 19, 1977, with a loss of all back pay”.
Petitioner, however never resigned after the reinstatement. On December 18, 1978, he filed an application for retirement as of that date and requested benefits under section B18-45.1 of the Administrative Code of the City of New York. Respondent rejected the application on the grounds that petitioner had not complied with section B18-45.1 of the Administrative Code. In pertinent part that section provides that, "Any member who * * * discontinues police service * * * other than by death, retirement or dismissal; and [who] * * * prior to such discontinuance, completed fifteen or more years of allowable police service, at least five of which immediately preceded such discontinuance; and * * * at least thirty days prior to the date of such discontinuance, files a duly executed application for a deferred retirement allowance hereunder; shall have a vested right to receive a deferred retirement allowance as provided in this section.”
Petitioner has not met his burden of proving that respondent acted arbitrarily, capriciously or contrary to law in rejecting petitioner’s application. Rather the court finds that *134 respondent correctly concluded that petitioner was not entitled to the relief requested.
First, since this court affirmed petitioner’s dismissal from the force, and directed his reinstatement solely for the purpose of resignation effective October 19, 1977, petitioner cannot claim relief under section B18-45.1 of the Administrative Code which explicitly excludes both dismissal and retirement.
Second, petitioner ceased to be a member of the force as of the date of his dismissal on August 12, 1976, and thus he also ceased to be a member of the pension fund. As of that time he had not completed the required 15 years of service and his rights under that section had thus not vested. Even had he met these requirements, he did not file the mandatory application for a retirement allowance according to section B18-45.1, 30 days before discontinuing service. He therefore cannot be permitted to file for such benefits as of December 18, 1978, by reason of both his nonmembership in the pension fund and his failure to satisfy the statutory requirements.
Third, since the limited reinstatement by this court was conditioned on, and limited solely to petitioner’s resignation, such limited reinstatement must be deemed to have never occurred, given petitioner’s failure to fulfill the condition precedent, i.e., to tender his resignation effective October 19, 1977.
Petitioner may argue that if he is to be thereby estopped from asserting that he was reinstated to the force, the city, which acquiesced in his service between 1977 and December 18, 1978, should be similarly estopped from rejecting his application. Not only is this argument based on faulty logic, but the history of the case renders it academic. Since petitioner was dismissed as a result of the departmental trial, the 2% years during which he was under suspension cannot be counted toward the requisite 15-year vesting period. Once convicted in a departmental trial, a suspended police officer is not entitled to be compensated retroactively for the period of his suspension. (Administrative Code, § 434a-20.0; Brenner v City of New York, 9 NY2d 447; Matter of Murphy v Murphy, 38 NY2d 690.) The prior decision of this court specifically denied petitioner’s request for back pay. Awarding of retirement credit is frequently greater compensation than the awarding of back pay. The extreme sanction of suspension without pay "carries the implication of serious misconduct”. It is a far more grave penalty than relief from duty, even relief *135 accompanied by forfeiture of pay. (Matter of Murphy v Murphy, supra, p 692.) It would thus be anomalous to withhold back pay and yet simultaneously award retirement credit after conviction. Petitioner’s suspension and forfeiture resulted from his own action, not that of the city. When this court sought to enable petitioner to resign, it sought to spare him the ignominy of dismissal, an extreme sanction not imposed on all other similarly situated officers. It did not intend to confer any pecuniary benefit; nor, given the circumstances of this case, could it have legally done so. Petitioner has abused the compassion of this court as well as the public trust. The law cannot permit him to benefit from his own malfeasance or his disobedience of this court — even if the city, through its own inattention, may have tacitly acquiesced. Consequently, when the period of suspension is deducted from his period of service, even if petitioner is credited with service through 1978, he still falls short of the 15-year mark.
The petition is accordingly denied.