In the Matter of AGAH DURUDOGAN, Appellant, v CITY OF NEW YORK et al., Respondents. [5 NYS3d 416]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered September 19, 2013, which granted respondents' cross motion to dismiss the petition and dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, and the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, respondents' determination, dated September 11, 2011, dismissing him as a New York City police officer and implicitly denying him vested interest retirement benefits, unanimously modified, on the law, to grant the petition solely to the extent of permitting petitioner to apply for vested interest retirement benefits, and otherwise confirmed, without costs.

The petition, having raised an issue of substantial evidence, should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we "will 'treat the substantial evidence issue de novo and decide all issues as if the proceeding had been properly transferred' " (see Matter of Roberts v Rhea, 114 AD3d 504 [1st Dept 2014], quoting Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).

Substantial evidence supports the determination that petitioner was guilty of numerous violations demonstrating his inability to conform his conduct to police department regulations. Petitioner's contention that the hearing officer improperly relied on hearsay evidence in finding him guilty of engaging in a verbal and physical domestic dispute is unavailing. The hearing officer's determination was based on petitioner's inconsistent statements in that his testimony at the hearing differed from statements he gave during an investigative interview. Thus, it is based on the hearing officer's credibility findings which are entitled to deference (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Moreover, an administrative tribunal can rely upon credible hearsay evidence to reach its determination (Matter of Muldrow v New York State Dept. of Corr. & Community Supervision, 110 AD3d 425 [1st Dept 2013]).

The penalty imposed dismissing petitioner from the police force is not shocking to one's sense of fairness (see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). Petitioner was brought up on five separate charges, based on events that occurred over a three-year period, and he was found guilty of nine of the specifications charged following a hearing. Although

petitioner was a decorated officer, with eighteen years of service, who often received high ratings on department evaluations, he also was previously disciplined for insubordination and placed on one-year dismissal probation. However, given petitioner's service and awards, we modify the penalty to the extent indicated.

We have considered petitioner's remaining arguments and find them to be unpreserved and/or unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ. ■■■■