(December 8, 2015)

■ In the Matter of AGAH DURUDOGAN, Appellant, v CITY OF NEW YORK et al., Respondents. [20 NYS3d 75]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered September 19, 2013, which granted respondents' cross motion to dismiss the petition and dismissed the proceeding brought pursuant to CPLR article 78, unanimously vacated, and the proceeding treated as if it had been transferred to this Court for de novo review pursuant to

CPLR 7804 (g), and, upon such review, respondents' determination, dated September 11, 2011, dismissing him as a New York City police officer and thereby denying him vested interest retirement benefits, unanimously confirmed, and the petition dismissed, without costs.

The petition, having raised an issue of substantial evidence, should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we "will 'treat the substantial evidence issue[ ] de novo and decide all issues as if the proceeding had been properly transferred' " (see Matter of Roberts v Rhea, 114 AD3d 504 [1st Dept 2014], quoting Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).

Substantial evidence supports the determination that petitioner was guilty of numerous violations demonstrating his inability to conform his conduct to police department regulations. Petitioner's contention that the hearing officer improperly relied on hearsay evidence in finding him guilty of engaging in a verbal and physical domestic dispute is unavailing. The hearing officer's determination was based on petitioner's inconsistent statements in that his testimony at the hearing differed from statements he gave during an investigative interview. Thus, it is based on the hearing officer's credibility findings which are entitled to deference (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Moreover, an administrative tribunal can rely upon credible hearsay evidence to reach its determination (Matter of Muldrow v New York State Dept. of Corr. & Community Supervision, 110 AD3d 425 [1st Dept 2013]).

The penalty imposed, dismissing petitioner from the police force, is not shocking to one's sense of fairness (see generally Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). Petitioner was brought up on five separate charges, based on events that occurred over a three-year period, and he was found guilty of nine of the specifications charged following a hearing. Although petitioner was a decorated officer, with 18 years of service, who often received high ratings on department evaluations, he also was previously disciplined for insubordination and placed on one-year dismissal probation.

Petitioner lost entitlement to deferred vested retirement rights upon his dismissal from the force. Section 13-256 of the Administrative Code of the City of New York explicitly excludes police officers whose service is discontinued because of dismissal, death and retirement from applying for a deferred retirement allowance. Additionally, officers who qualify must file an application for a deferred retirement allowance at least

30 days prior to the date of discontinuance. Only then will they have an automatic vested right to receive a deferred retirement allowance (Administrative Code of City of NY § 13-256 [a], [b]). Nor does he fall within the exception found in section 13-256.1 of the Administrative Code of the City of New York that provides that a member who attains at least 20 years of service in the retirement system will receive the full benefits to which he or she is entitled, even if discharged or dismissed from employment (Administrative Code of City of NY § 13-256.1).

*Matter of Vecchio v Kelly* (94 AD3d 545 [1st Dept 2012], *lv denied* 20 NY3d 855 [2013]), is not on point. In *Vecchio*, we annulled the decision to terminate the petitioner, dismissed certain of the charges brought against him, and remanded the proceeding for determination of a new penalty, stating that if the Commissioner adhered to the penalty of termination, the petitioner should be permitted to apply for vested interest retirement benefits, so as to avoid a punishment disproportionate to the offense, namely the extreme financial hardship to his innocent family (94 AD3d at 545-546). In *Vecchio*, unlike here, the Court found circumstances that warranted restoring petitioner to a status that made him eligible to apply for the deferred retirement allowance as provided by Administrative Code of City of NY § 13-256 (a), (b).

Absent restoration to the police force, petitioner's status is more similar to that of the petitioner in *Matter of Kiess v Kelly* (118 AD3d 595 [1st Dept 2014], *lv denied* 24 NY3d 917 [2015]), where we held that a police officer who resigned from the force was not permitted to seek reconsideration from the Police Medical Board concerning his application for accident disability benefits; he was no longer a member of the police force pursuant to sections 13-215 and 13-252 of the Administrative Code of the City of New York, and the municipal respondents were thus required to deny his application (*see also Matter of Fuoto v McGuire*, 101 Misc 2d 132, 134 [Sup Ct, New York County 1979] [the date on which the petitioner was dismissed from the police force was the date that he ceased to be a member of the pension fund; as he had less than the required number of years of service for his retirement benefit rights to vest, and had not filed the mandatory application for a retirement allowance 30 days before discontinuing service, he could not be granted retirement benefits]).

We have considered petitioner's remaining arguments and find them to be unpreserved and/or unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe and Feinman, JJ.

The decision and order of this Court entered herein on March 12, 2015 (126 AD3d 510 [2015]) is hereby recalled and vacated (*see* 2015 NY Slip Op 92845[U] [2015] [decided simultaneously herewith]). ▮