Matter of Hadid v City of New York (2021 NY Slip Op 00493)





Matter of Hadid v City of New York


2021 NY Slip Op 00493


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 151169/19 Appeal No. 12993 Case No. 2020-03027 

[*1]In the Matter of Bobby Farid Hadid, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.


Law Office of Nathaniel B. Smith, New York (Nathaniel B. Smith of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah A. Brenner of counsel), for respondent.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered January 17, 2020, denying the petition to annul the determination of respondent New York City Police Pension Fund dated October 30,2018, which denied petitioner's application for vested retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The article 78 court correctly determined that pursuant to Administrative Code of the City of New York § 13-256, petitioner, a former police sergeant with slightly more than 10 years of service with respondent New York City Police Department, lost any entitlement to vested retirement benefits upon his dismissal by operation of law due to his felony conviction of first-degree perjury, in accordance with Public Officers Law § 30(1)(e) (see Matter of Durudogan v City of New York, 134 AD3d 452, 453 [1st Dept 2015]). Despite vacatur of petitioner's conviction (see People v Hadid, 121 AD3d 811 [2d Dept 2014]), his reinstatement to the police force was denied following a hearing and determination that petitioner had committed misconduct unrelated to his perjury conviction that raised serious questions regarding his fitness to serve. As the decision to deny his reinstatement was not challenged, petitioner remained ineligible for vested benefits (see Durudogan, 134 AD3d at 454).
Additionally, it is undisputed that petitioner failed to comply with the requirement under Administrative Code of City of NY § 13-256(a)(4) that he file an application for benefits at least 30 days before discontinuance of service, and did not qualify under Administrative Code § 13-256.1(a) to receive benefits aside from his dismissal, since he lacked at least 20 years of service in the retirement system.
Petitioner's contention that the forfeiture of his pension benefits is a harsh penalty that shocks one's sense of fairness, asserted for the first time on appeal, is unpreserved, and will not be considered (see Matter of Curry v New York City Hous. Auth., 161 AD3d 578, 579 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021