OSCN Found Document:Question Submitted by: Lee Anne Bruce Boone, Executive Director, Oklahoma Ethics Commission

 

 
 Question Submitted by: Lee Anne Bruce Boone, Executive Director, Oklahoma Ethics Commission
2025 OK AG 5
Decided: 04/23/2025
OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 5, __ __

 
 

¶0 This office has received your request for an Attorney General Opinion in which you ask the following question:

Are state officers and employees subject to the jurisdiction of the Ethics Commission after leaving their office or position with the State for acts or omissions that occurred while they were state officers or employees, up to the time limit for enforcement?

I.
Summary

¶1 State officers and employees are subject to the jurisdiction of the Oklahoma Ethics Commission ("Commission") after leaving their office or position with the State for acts or omissions that occurred while they were a state officer or employee. This is true for three main reasons. First, the plain meaning of "shall investigate" in article XXIX, section 4 of the Oklahoma Constitution requires the Commission to investigate alleged violations of its rules of ethical conduct. Okla. Const. art. XXIX, § 4. In fact, the people of Oklahoma explicitly adopted this reading when they amended the Oklahoma Constitution to establish the Commission. See Okla. Cnty. Excise Bd. v. Kurn, 1941 OK 234115 P.2d 113

II.
Background

¶2 In 1974, the Oklahoma Legislature enacted the Campaign Contributions and Expenditures Act, mirroring sister state and federal law in response to the Watergate Scandal of 1972. 

¶3 Still concerned about the condition of ethical conduct, political campaigns, and public service, Governor Henry Bellmon subsequently formed the Constitutional Revision Study Commission ("CRSC"), which proposed the constitutional amendment that created the Commission. Id. § 4.

¶4 With the approval of the Legislature, the Commission enacted 190 rules governing, among other things, (1) the conduct of individuals campaigning for state office, (2) contributions to campaigns, (3) financial disclosures, (4) state officer or employee conflicts of interest, and (5) lobbyists. See generally 74 O.S.2021, ch. 62, app. I, r. 2--5 (2015). The Commission's investigative power begins with the receipt of a complaint from a non-anonymous source alleging that a state officer or employee has violated the rules of ethical conduct. 74 O.S., ch. 62, app. I, r. 6.3 (2015). Then, the Commission conducts a preliminary investigation, and, if reasonable cause exists to believe a violation of the Commission's rules occurred, the Commission opens a formal investigation. Id. at 6.5, 6.7 (2015). In sum, the Commission must exercise its jurisdiction to investigate and, when appropriate, authorize the prosecution of ethical rule violations. See Okla. Const. art. XXIX, § 4. The issue presented here is whether the Commission retains jurisdiction over former public officials or employees who leave state service.

III.
Discussion.

A. Article XXIX, section 4 of the Oklahoma Constitution grants the Commission broad jurisdiction to investigate potential ethics rules violations and prosecute violators of those rules when appropriate, regardless of whether the state officer or employee leaves his or her employment after committing the ethical violation.

¶5 "Generally, the provisions of a Constitution are construed using the usual rules of statutory construction." City of Guymon v. Butler, 2004 OK 3792 P.3d 80Kohler v. Chambers, 2019 OK 2435 P.3d 109

¶6 Here, the issue is the meaning of article XXIX, section 4 of the Oklahoma Constitution. Specifically, section 4 states, "[t]he Ethics Commission shall investigate and, when it deems appropriate, prosecute in the District Court of the County where the violation occurred, violations of its rules governing ethical conduct of campaigns, state officers, and state employees." Okla. Const. art. XXIX, § 4 (emphasis added). The question is: when does the Commission's jurisdiction to investigate alleged rule violations end?

¶7 Section 4 mandates that the Commission investigate violations of its rules governing the ethical conduct of state officers and employees. "'[S]hall' connotes a mandatory duty when it is utilized in a statute." Schaeffer v. Shaeffer, 1987 OK 30743 P.2d 1038

¶8 The Oklahoma Supreme Court "does not read exceptions into a statute nor . . . impose requirements not mandated by the Legislature." Cox v. State ex rel. Oklahoma Dep't of Human Servs., 2004 OK 1787 P.3d 607

¶9 Moreover, while the four-year limitation on the Commission initiating a civil lawsuit is outlined in a Commission-promulgated rule, absent disapproval "by joint resolution [of the Legislature], subject to veto by the Governor," the Oklahoma Constitution mandates that the Commission's "rules shall be published in the official statutes of the State." Okla. Const. art. XXIX, § 3. As a result, the Oklahoma Constitution itself treats as a statutory equivalent the Commission's rules that have not been affirmatively disapproved by the Legislature, including its four-year limitation on filing a civil lawsuit. See Ethics Comm'n v. Keating, 1998 OK 36958 P.2d 1250

¶10 The fact that the Commission's rules are equivalent to a statute is important because the Oklahoma Supreme Court also follows "the maxim 'expressio unius est exclusio alterius,' that the mention of one thing in a statute impliedly excludes another thing, is used to determine legislative intent." Patterson v. Beall, 2000 OK 9219 P.3d 839

¶11 The ballot title accompanying State Question 627 further supports this interpretation. The Oklahoma Supreme Court has made clear that "the intent of the framers and electorate is also reflected in the ballot title of the proposed amendment [to the Constitution] . . . . The ballot title is a contemporaneous construction of the constitutional amendment and weighs heavily in determining its meaning." Fent v. Fallin, 2014 OK 105345 P.3d 1113

¶12 The Oregon Court of Appeals reached the same conclusion in a similar case. See Moine v. Oregon Gov't Ethics Comm'n, 128 Or. App. 681, 686, 877 P.2d 96, 99 (1994). There, the court held that the Oregon Government Ethics Commission had jurisdiction to investigate a former public official for conduct committed while in office. Similar to the Oklahoma Ethics Commission, the Oregon Government Ethics Commission has an obligation to investigate "a violation ... of any rule adopted by the commission." Or. Rev. Stat. Ann. § 244.260(6)(e)(A). The Oregon Court of Appeals reasoned the former public official's violations of the rules "were no less violations merely because, at the time of the investigation, petitioner was no longer a public official." Moine, 877 P.2d at 99. As a result, the Oregon Government Ethics Commission had jurisdiction to investigate the public official after he left office. 

¶13 To reiterate, Oklahoma's Constitution places a mandate on the Commission to investigate violations of its rules without an express limitation on the Commission's jurisdiction to investigate former state officers or employees. Violations of the Commission's rules are no less violations merely because the perpetrator has left his or her position with the State. Accordingly, section 4 grants the Commission broad jurisdiction to investigate potential ethics rules violations and prosecute violators of its rules when appropriate, regardless of whether the state officer or employee leaves his or her employment before the investigation begins.

B. The ability to investigate and authorize prosecutions of former state officials and employees is also implied from the express grant of authority to the Commission in article XXIX, sections 3 and 4 of the Oklahoma Constitution.

¶14 "[T]he construction of a constitutional provision must not be so strict or technical as to defeat the evident object and purpose of its adoption." Kurn, ¶ 10, 115 P.2d at 115. Indeed, the Oklahoma Supreme Court has recognized that "[i]t would not be practicable, if possible, in a written constitution, to specify in detail all of its objects and purposes or the means by which they are to be carried into effect." Id. ¶ 13, 115 P.2d at 115 (citation omitted). As a result, "[i]t is an established rule of construction that, where a constitution confers a power or enjoins a duty, it also confers, by implication, all powers that are necessary for the exercise of the one or for the performance of the other." Id. (citation omitted).

¶15 The Commission was born out of an "increasing concern for ethical conduct and political campaigns and public service." About the Commission, Okla. Ethics Comm'n, https://oklahoma.gov/ethics/about-us/commission.html (Aug. 19, 2024). Thus, the Oklahoma Constitution conferred broad power on the Commission to establish rules governing the ethical conduct of state officers and employees and broad power to enforce such rules through civil penalties, including the "payment of fines." Okla. Const. art. XXIX, §§ 3--4. But if a state officer or employee can break ethical rules and resign to escape constitutionally authorized punishment such as fines, then the Commission's rules have no teeth and the Commission's purpose is stymied. Indeed, the fact that Oklahoma felt it necessary to amend its Constitution to cement the Commission within it, rather than merely enacting a statute, demonstrates its strong desire to curb corruption and enforce ethical rules. Okla. Const. art. XXIX, § 4; Donald J. Maletz, State Ethics Reform: Okla. Ethics Comm'n, 10 Okla. Pols., no. 1, (2001) at 83, 84, https://ojs.library.okstate.edu/osu/index.php/OKPolitics/article/view/501 ("Unlike most agencies of state government, the [Ethics Commission] was created not by statute but by an amendment to the state constitution."). Therefore, the ability to investigate and authorize prosecutions of resigned state officials and employees is also implied from the express grant of authority to the Commission in article XXIX, sections 3 and 4 to promulgate rules of ethical conduct, investigate potential violations, and authorize prosecution, including seeking fines, when applicable.

¶16 It is, therefore, the official Opinion of the Attorney General that:

State officers and employees are subject to the jurisdiction of the Ethics Commission even after leaving their office or position with the State for acts or omissions that occurred while they were a state officer or employee, up to the time limit for enforcement. 

Gentner Drummond
Attorney General of Oklahoma

Garry M. Gaskins, II
Solicitor General

FOOTNOTES

Okla. State Question 627, Ethics Comm'n Initiative (Sept. 1990), Ballotpedia, https://ballotpedia.org/Oklahoma_State_Question_627,_Ethics_Commission_Initiative_(September_1990) (last visited Apr. 21, 2025).

About the Commission, Okla. Ethics Comm'n, https://oklahoma.gov/ethics/about-us/commission.html (Aug. 19, 2024); Don Maletz & Jerry Herbel, Okla. Ethics Comm'n, Almanac of Okla. Pols. 61, 62 (1998), https://ojs.library.okstate.edu/osu/index.php/OKPolitics/article/view/1041.

Okla. Ethics Comm'n, The Encyc. of Okla. Hist. and Culture (Jan. 15, 2010), https://www.okhistory.org/publications/enc/entry?entry=OK043.

Once Hit, Comm'rs "Tumbled Like Dominos," The Oklahoman (Feb 13, 1983), https://www.oklahoman.com/story/news/1983/02/13/once-hit-commissioners-tumbled-like-dominoes/62856511007/; Toll 230, as Book Closes on Cnty Comm'r Scandal, The Oklahoman (Feb 3, 1984), https://www.oklahoman.com/story/news/1984/02/03/toll-230-as-book-closes-on-county-commissioner-scandal/62815077007/.

About the Commission, supra footnote 2.

Id.

See supra footnote 1.

See supra footnote 1.

Doe v. State Ethics Comm'n, 53 Haw. 373, 374--75, 494 P.2d 559, 559 (1972). Thus, the Hawaii Supreme Court held that the purpose of the Ethics Commission's investigation was accomplished "[o]nce a public employee has withdrawn from public service." Id. at 375. Likewise, the New York Ethics Commission's jurisdiction was limited "only" to certain public officials defined in statute. Flynn v. State Ethics Comm'n, Dep't of State, State of N.Y., 87 N.Y.2d 199, 202, 661 N.E.2d 991, 993 (1995). Former state officials were not included in these statutory definitions. Id. Therefore, the New York Ethics Commission did not have jurisdiction over former public officials. Here, Oklahoma's Constitution permits the Commission to seek fines for rules violations, Okla. Const. art. XXIX, §§ 3--4, and it does not have any restrictive definitions for public officials. Accordingly, the Hawaii and New York cases are not instructive when it comes to this question of Oklahoma law.

74 O.S.2021, § 18b2023 OK AG 142012 OK AG 23