PACIFIC INSURANCE COMPANY, LIMITED, Plaintiff *v.* OREGON AUTOMOBILE INSURANCE COMPANY, Defendant

No. 5028

November 24, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

The sole question before us is whether a statute should be given a construction which will effect an absurd and unjust result if limited by its plain and obvious language.

On July 22, 1965, Mr. Gary Koja agreed to sell an automobile to Mr. Clarence Taira. On the same day, Mr. Taira gave to Mr. Koja a bank draft for the purchase price and Mr. Koja transferred possession of the automobile to Mr. Taira pursuant to their agreement of sale. On July 28, 1965, Mr. Koja endorsed the certificate of ownership in favor of Mr. Taira and the endorsed certificate was submitted to the Treasurer of the City and County of Honolulu for registration.

On August 1, 1965, while operating the subject automobile, Terry Taira, son of Mr. Clarence Taira, was involved in a traffic accident with a police motorcycle operated by Peter Kauahi III.

On August 2, 1965, new certificates of ownership and registration were issued to Mr. Clarence Taira.

On the date of the accident Mr. Koja had in effect an automobile insurance policy issued by Oregon Automobile Insurance Company and Mr. Taira was covered by an automobile insurance policy issued by Pacific Insurance Company. Subsequent to the accident, upon demand by Mr. Taira that it extend coverage for the accident, Oregon Automobile Insurance Company denied coverage.

Actions for damages were filed against Terry Taira, Clarence Taira and Lillian Taira by the City and County of Honolulu on July 18, 1967, and by Peter Kauahi III on July 31, 1967.

Pacific Insurance Company filed on December 26, 1967, an action against Oregon Automobile Insurance Company for wrongful refusal to extend coverage in defense of the suit filed by Peter Kauahi III on July 31, 1967. This case was submitted to this court on an agreed statement of facts pursuant to HRS § 631-1 (1968).

At the time of the accident the statute providing for the registration of motor vehicles provided that an "intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose" until the Treasurer has issued the new certificate of registration and certificate of ownership.[1]

A general rule of statutory construction is that if a statutory ambiguity is present the purpose of the act justifies departure from the strict letter of the statute when adherence to the letter of the statute will lead to absurdity or palpable injustice. *Credit Assoc. v. Montilliano*, 51 Haw. 325, 328 (1969); *Harrington v. Harrington*, 41 Haw. 89, 103 (1955); *Chang v. Meagher*, 40 Haw. 96, 102 (1953); *Rathburn v. Kaio*, 23 Haw. 541, 544 (1916); *Shillaber v. Waldo*, 1 Haw. 31 (1848). In the present case the language of the statute is plain and unambiguous. However, a literal construction of the statute would produce an unjust and absurd result. The consequence of giving the statute a literal construction in the instant case would mean that a party who entered into a valid agreement to sell an automobile and surrendered phys-

---

[1] Revised Laws of Hawaii 1955 § 160-10(e) stated in pertinent part:

(e) Until the treasurer has issued the new certificate of registration and certificate of ownership as in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed, and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose.

ical possession of such automobile to the buyer[2] would be required to assume civil liability for the negligent operation of the automobile by the buyer merely because the Treasurer had not yet issued new certificates of ownership and registration.

A better rule is that, even in the absence of statutory ambiguity, departure from literal construction is justified when such construction would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act. *County of Sacramento v. Hickam,* 66 Cal. 2d 841, 50 Cal. Rptr. 609, 428 P.2d 593, 598 (1967); *Holy Trinity Church v. United States,* 143 U.S. 457, 458, 460 (1892). The same reasons which underlie the rule which requires that ambiguity be a condition precedent to construction which rejects an absurd and unjust result are equally compelling in support of the rule which does not require the presence of a statutory ambiguity. Typically, courts require an ambiguity before departing from the plain and obvious language of a statute in order to prevent judicial legislation. The court should not substitute its judgment for what the legislature already has declared to be rational and consistent with public policy. This court endorses this principle and in no way intends to usurp the function or to invade the prerogatives of the legislature. However, departure from the literal construction of a statute is warranted when such an absurd and unjust construction clearly could not have been intended by the legislature. Such lack of legislative intent is evidenced by the purposes and policies of the act and by construing the subject statutory language in the context of the entire statute and in a manner consistent with the purposes of the act. Since this court in effect is not substituting its judgment for that of

---

[2]There is no question that Mr. Taira was the owner of the automobile after the agreement to sell but before issuance of the certificates by the Treasurer. Counsel for Pacific Insurance Company conceded at oral hearing that if the value of the automobile had appreciated substantially during this period the seller would not be legally entitled to avoid the transaction.

the legislature, there is justification, even in the absence of statutory ambiguity, for by-passing the literal interpretation of the statute in the instant case.

Examination of the entire statute and its legislative history reveals that the interpretation of the statute urged by appellant Pacific Insurance Company is totally inconsistent with the purposes of the act as well as unreasonable and absurd. Nothing indicates that the legislature intended that the seller of an automobile should assume civil liability for negligent operation of the automobile by the buyer merely because the Treasurer had not issued new certificates of ownership and registration. The objects of the act were to provide a means of registering the title of an automobile for the protection of the public; to assist governmental officials to readily determine the ownership of an automobile; and to prevent unlawful and dishonest dealing in automobiles.[3]

Statutory language must be read in the context of the entire statute and construed in a manner consistent with the purposes of the statutes. *People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 74 Cal. Rptr. 294, 449 P.2d 230, 237 (1969); *State Bd. of Directors for Jr. Colleges v. Nelson*, 105 Ariz. 119, 460 P.2d 13, 14-5 (1969). The phrase "for any purpose" in the subject statute is not all-encompassing, but is restricted to a reasonable construction by context of the entire statute and the purposes of the act. *Flood v. Hodges*, 231 Mass. 252, 120 N.E. 689, 690 (1918). Clearly the context of the statute and its purposes do not allow the phrase "for any purpose" to be given the unreasonable and absurd construction urged by Pacific Insurance Company.

Judgment will be entered in accordance with this opinion.

*David L. Fairbanks (Jenks, Kidwell, Goodsill & Anderson* of counsel) for plaintiff.

---

[3]Senate Judiciary Committee Report on Senate Bill No. 110, S. JOUR. 802 (1929).

Peter G. *Wheelon* (*Dennis E. W. O'Connor* with him on the briefs; *Anthony, Waddoups, Hoddick & Brown* of counsel) for defendant.