STEPHANIE MOORE, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, AMERICAN MUTUAL UNDERWRITERS, INC., and GARY W. BISHO, Defendants-Appellees, and JOHN DOES 1-100, DOE PARTNERSHIPS, CORPORATIONS AND/OR ENTITIES 1-100, Defendants

NO. 11200

(CIVIL NO. 85-1749)

APRIL 20, 1987

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE ROBERT G. KLEIN
IN PLACE OF ASSOCIATE JUDGE TANAKA, RECUSED

OPINION OF THE COURT BY HEEN, J.

The issue in this appeal is whether Plaintiff-Appellant Stephanie Moore (Moore) can prove any set of facts to support the allegation of her complaint that she was insured by any or all of Defendants-Appellees Gary Bisho (Bisho), Allstate Insurance Co. (Allstate), and American Mutual Underwriters, Ltd. (American) (where appropriate hereinafter Defendants-Appellees will be referred to collectively as Defendants) when the automobile she was driving collided with another automobile on June 21, 1984. The trial court answered in the negative when it granted Defendants' Rule 12(b)(6), Hawaii Rules of Civil Procedure (HRCP) (1980) motions to dismiss with prejudice. We affirm.

Defendants' motions admit as fact the following well-pleaded allegations of Moore's complaint. *Marsland v. Pang,* 5 Haw. App. 463, 701 P.2d 175 (1985). When Moore purchased and took possession of the automobile from L. Charles Stevens (Stevens), he told her that the car was insured by Allstate under a policy issued to him, and that the coverage would continue until Moore obtained her own policy. The next day, Moore went to the Allstate booth at Sears, Roebuck and Co. and spoke to the salesman[1] there. The salesman advised her to go to another American office where she could purchase her own policy. While driving the automobile to that other office, Moore collided with

---

[1]The salesman was employed by American Mutual Underwriters, Ltd., which operated the counter as general agent for Allstate Insurance Co.

another automobile driven by Barton Nagata (Nagata). Nagata sued Moore for the resulting damages and Moore demanded that Allstate defend her. Bisho, Allstate's chief claims adjustor, rejected her demand on Allstate's behalf.

After Nagata obtained a judgment against her for $2,314.15, Moore filed the action below against Bisho and Allstate seeking indemnification for the amount of Nagata's judgment, and general and punitive damages, on the ground that they wrongfully refused to defend her. On the motion of Bisho and Allstate, Moore's complaint was dismissed with prejudice as to Bisho but without prejudice as to Allstate, whereupon she filed an amended complaint against Bisho, Allstate and American. The amended complaint was also dismissed with prejudice as to Bisho but without prejudice as to Allstate and American, and Moore filed a second amended complaint (second amended complaint) against Allstate and American. Allstate's and American's motion to dismiss the second amended complaint was granted with prejudice and Moore appealed.

I.

A dismissal of a complaint under Rule 12(b)(6), HRCP,[2] will not be sustained on appeal unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Marsland v. Pang, supra.* We are convinced upon a careful examination of the record that Moore cannot prove any set of facts entitling her to relief under the allegations of the complaint, and the complaint and second amended complaint were properly dismissed with prejudice.

---

[2]Rule 12(b)(6), Hawaii Rules of Civil Procedure (1980) provides:

Rule 12. DEFENSES AND OBJECTIONS WHEN AND HOW PRE-SENTED — BY PLEADING OR MOTION MOTION FOR JUDGMENT ON THE PLEADINGS.

\* \* \*

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

## II.

Moore contends that under Hawaii Revised Statutes (HRS) § 286-52(k) (1985)[3] Stevens was still the registered owner of the car at the time of her accident and she was driving it with his permission. Consequently, she argues she was an "insured" under Stevens' policy, which had not yet been cancelled at the time of the collision, and her right to be defended was breached by Defendants. We disagree.

In *Pacific Ins. Co., Ltd. v. Oregon Automobile Ins. Co.*, 53 Haw. 208, 490 P.2d 899 (1971), the supreme court held that one who has sold his automobile and delivered the executed certificate of title to the buyer cannot be held civilly liable for the negligent operation of the automobile by the buyer, notwithstanding the provision of HRS § 286-52(e)[4] that a transfer of title does not occur until the director of finance has issued new certificates of ownership and registration to the buyer. The court stated:

Examination of the entire statute and its legislative history reveals that the interpretation of the statute urged by appellant

---

[3]Hawaii Revised Statutes (HRS) § 286-52(k) (1985) provides:
Procedure when title of vehicle transferred; delivery of certificate mandatory.

\* \* \*

(k) Whenever the registered owner of any motor vehicle or any licensed dealer has given notice to the director of finance of a transfer of the title or interest in the motor vehicle, as provided in subsection (i) or (j) of this section, and has delivered the certificate of ownership bearing the transferor's signature to the transferee as required by subsection (a) of this section, the transferor shall be relieved from any liability, civil or criminal, which the transferor might subsequently incur by reason only of being the registered owner of the vehicle.

[4]HRS § 286-52(e) (1985) provides:
Procedure when title of vehicle transferred; delivery of certificate mandatory.

\* \* \*

(e) Until the director of finance has issued the new certificate of registration and certificate of ownership as in subsection (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed, and the intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose, notwithstanding any provision of the Uniform Commercial Code; provided that a security interest in a motor vehicle shall be perfected as provided in the Uniform Commercial Code, sections 490:9-302(3)(b) and 490:302(4), and that the validity, attachment, priority, and enforcement of such security interest shall be governed by Article 9 of the Code.

Pacific Insurance Company is totally inconsistent with the purposes of the act as well as unreasonable and absurd. Nothing indicates that the legislature intended that the seller of an automobile should assume civil liability for negligent operation of the automobile by the buyer merely because the Treasurer had not issued new certificates of ownership and registration. The objects of the act were to provide a means of registering the title of an automobile for the protection of the public; to assist governmental officials to readily determine the ownership of an automobile; and to prevent unlawful and dishonest dealing in automobiles.

*Id.* at 212, 490 P.2d at 901-02 (footnote omitted). The reasoning in *Pacific* is applicable to Moore's argument regarding HRS § 286-52(k). Her construction of the statute is "unreasonable and absurd." *Pacific Ins. Co., Ltd. v. Oregon Automobile Ins. Co., supra.*

Additionally, we perceive an important distinction between civil liability incurred "by reason only of being the registered owner" of a vehicle which has been sold and the facts of this case. Even assuming, *arguendo,* that Stevens' transfer of possession of the automobile to Moore as the new owner might be held to be "permission," his liability for her negligence would arise from that permission and not solely by reason of his being the registered owner.

### III.

Moore's argument that based upon her conversation with Allstate's sales agent she had a contract of insurance with Allstate or American that covered her at the time of the accident is without merit.

Insurance companies will issue a "binder," which constitutes "temporary" and "preliminary" insurance, upon an application for insurance or payment of the first premium, 7 Am. Jur. 2d, *Automobile Insurance* § 5 (1980). The binder is a contract *per se,* and may be informal. *Id.* However, "the subject matter, the risk insured against, the duration of the risk, the amount of coverage, the amount of the premiums, and the identity of the parties must have been agreed upon." 7 Am. Jur. 2d, *supra,* § 7. On the basis of the allegations Moore cannot prove agreement on any of those requirements.

In considering the sufficiency of the allegations in the complaint as against a Rule 12(b)(6) motion, the plaintiff's description of what happened along with any conclusions that can reasonably be drawn there-

from will be accepted. 5 Wright & Miller, Federal Practice and Procedure: *Civil* § 1357 (1969). "However, the court will not accept conclusory allegations on the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened[.]" *Id.*

Here, Moore merely alleged that she had gone to the Allstate booth and spoke with the salesman who, "[a]fter being apprised of the Plaintiff's situation, . . . advised [Moore] to proceed to another office operated by AMERICAN MUTUAL to obtain her insurance policy." On those allegations she bases her claim that "a binding contract for automobile insurance was created[.]" From Moore's description of the conversation with Allstate's salesman, it does not reasonably follow that she can prove facts sufficient to show that a valid binder was created.

IV.

Moore's argument that Bisho is liable to her in his capacity as Allstate's employee and for negligently performing his duties is utterly without merit. Bisho was merely an employee of Allstate, and Moore's attempt to hold him personally liable is without precedent and legally insupportable. The cases cited by Moore on this issue are inapposite.

Affirmed.

*Thomas Rack* (*David L. Turk* and *Susan L. Gochros* on the briefs; *Turk & Agena,* of counsel) for appellant.

*Lisa Woods Munger* (*William C. McCorriston* and *Pamela Murch Bliss* with her on the brief; *Goodsill Anderson Quinn & Stifel,* of counsel) for appellees Allstate, American and Bisho.