# IN THE COURT OF APPEALS OF IOWA

No. 15-1534
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DYAN MARIE LEE-BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Washington County, Randy S. DeGeest (trial) and Cynthia H. Danielson (motion to adjudicate law points), Judges.


        Dyan Lee-Brown appeals from judgment and sentence entered upon her conviction for possession of a controlled substance, third offense. **AFFIRMED.**


        Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Dyan Lee-Brown appeals from judgment and sentence entered upon her conviction for possession of a controlled substance, third offense, in violation of Iowa Code section 124.401(5) (2013). The sole issue on appeal is whether the possession-of-marijuana offense, which Lee-Brown does not contest, is subject to enhancement as a second or third offense under section 124.401(5).

"This case involves a question of statutory interpretation. Such questions are reviewed for errors at law." *Rhoades v. State*, 880 N.W.2d 431, 434 (Iowa 2016).

Our goal is to determine the legislative intent of the provision at issue. *State v. Albrecht*, 657 N.W.2d 474, 479 (Iowa 2003). Interpreting a statute begins with the words used. *State v. Nicoletto*, 862 N.W.2d 621, 624 (Iowa 2015). "We do not search for meaning beyond the express terms of a statute when the statute is plain and its meaning is clear." *Albrecht*, 657 N.W.2d at 479.

Chapter 124 is known as the "Uniform Controlled Substances Act." Iowa Code § 124.602. A "'[c]ontrolled substance' means a drug, substance, or immediate precursor in schedules I through V of division II of this chapter." *Id.* § 124.101(5). Pursuant to section 124.401(5), it is "unlawful for any person knowingly or intentionally to possess a controlled substance" under most circumstances. "Any person who violates this subsection is guilty of a serious misdemeanor for a first offense." *Id.* § 124.101(5). However, "[a] second offender is guilty of an aggravated misdemeanor, while a third offender is guilty of a class 'D' felony." *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005).

Lee-Brown acknowledges she is guilty of possession of marijuana, as convicted. But she has two prior convictions under chapter 124: possession of methamphetamine in September 2012, in violation of section 124.401(5); and possession of drug paraphernalia, in violation of section 124.414. Lee-Brown argues she is a second offender under section 124.401(5) because she has only been convicted once before of an offense of possession of controlled substance.

The district court rejected Lee-Brown's contention noting the subsection plainly states that "[a] person who commits a violation of this subsection and has previously been convicted two or more times *of violating this chapter* . . . is guilty of a class 'D' felony." Iowa Code § 124.401(5) (emphasis added).

Lee-Brown argues only convictions for "possession of controlled substance" should fall under the enhancement, pointing out that two paragraphs that follow specify such offenses.[1] The State asserts both Lee-Brown's prior convictions are for violations of "this chapter"—chapter 124—and fall squarely

---

[1] Section 124.401(5) states in part:

> A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124A, 124B, or 453B is guilty of a class "D" felony.
>
> *If the controlled substance is marijuana*, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense. *If the controlled substance is marijuana* and the person has been previously convicted of a violation of this subsection in which the controlled substance was marijuana, the punishment shall be as provided in section 903.1, subsection 1, paragraph "b." *If the controlled substance is marijuana* and the person has been previously convicted two or more times of a violation of this subsection in which the controlled substance was marijuana, the person is guilty of an aggravated misdemeanor.
>
> . . . .
>
> *If the controlled substance is amphetamine, its salts, isomers, or salts of its isomers, or methamphetamine*, its salts, isomers, or salts of its isomers, the court shall order the person to serve a term of imprisonment of not less than forty-eight hours.

(Emphasis added.)

within the words of the provision. Iowa Code § 124.401(5). The State maintains Lee-Brown is thus a third offender under the subsection.

Our supreme court has recently stated:

> [W]here the language chosen by the legislature is unambiguous, we enforce a statute as written. *McGill v. Fish*, 790 N.W.2d 113, 118 (Iowa 2010). But as our cases amply demonstrate, great care must be used before declaring a statute unambiguous. *See Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011). We have noted the need to be circumspect regarding narrow claims of plain meaning and must strive to make sense of our law as a whole. *Id.*
>     Consistent with our caselaw, the leading treatise on statutory construction cautions against indiscriminate use of the plain meaning approach, noting that "invocation of the plain meaning rule may represent an attempt to reinforce confidence in an interpretation arrived at on other grounds." *See* 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction*, § 46:1, at 161–62 (7th ed. rev. 2014). The treatise further notes "it would seem difficult, or impossible, for courts to determine the meaning of a statutory term or provision without any contextual consideration." *Id.* § 46:4, at 199–200.

*Rhoades*, 880 N.W.2d at 446.

"A statute is ambiguous if reasonable minds differ or are uncertain as to the meaning of the statute." *Id.* We construe the statute by considering the language of the act, in connection with its manifest purpose and design. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000).

But even in the absence of ambiguity, our supreme court has acknowledged that if the literal construction of the statute would produce absurd results, contrary to the purposes and policies of the act, the court will depart from such literal interpretation. *State v. Walden*, 870 N.W.2d 842, 848-49 (Iowa 2015).

Here, the legislature amended section 124.401(5) in 1998, "to include the enhanced penalty provisions for recidivism." *Freeman*, 705 N.W.2d at 291 (citing 1998 Iowa Acts ch. 1138, § 25). In *State v. Cortez*, 617 N.W.2d 1, 3 (Iowa 2000), our supreme court referenced the first paragraph of section 124.401(5) as the stricter felony track, and the second paragraph as the lenient track. We now know that the second track, the lenient enhancement track, only applies if a defendant's prior convictions were for possession of marijuana and the defendant is facing a new charge of possession of marijuana. *State v. Rankin*, 666 N.W.2d 608, 610-11 (Iowa 2003).

We also observe that prior to 2000 there was no offense of possession of drug paraphernalia in chapter 124, and there was no reference to chapter violations in the first paragraph of section 124.401(5). At that time, the first paragraph of section 124.401(5) provided that "[a] person who commits a violation of this subsection and who had previously been convicted of violating this subsection is guilty of an aggravated misdemeanor." To constitute a class "D" felony there had to be two such subsection violations. Thus, both the first paragraph and the second paragraph referenced "subsections."

In 2000, our legislature amended the first paragraph, striking the reference to subsection violations, and in lieu, inserted violations of "this chapter or chapter 124A, 124B, or 453B." 2000 Iowa Acts ch. 1201, § 4. No revision was made to the second paragraph so it continues to reference "a violation of this subsection." Thus, we can only conclude the legislature intended to differentiate the first two paragraphs by the terminology chosen.

During the same legislative session but in a separate bill, our legislature amended chapter 124, adding a new section—section 124.414—making it "unlawful for any person to knowingly or intentionally manufacture, deliver, sell or possess drug paraphernalia." 2000 Iowa Acts ch. 1144, § 4. We have no way of knowing if the legislature gave consideration to the effect of both amendments, that is, allowing a simple misdemeanor charge of possession of drug paraphernalia to be used to enhance the penalty under the first paragraph of section 124.401(5). But, "we ordinarily assume when a legislature enacts statutes it is aware of the state of the law." *Rhoades*, 880 N.W.2d at 446.

We acknowledge the oddity of allowing a simple misdemeanor conviction to be used as an enhancement in the stricter felony track. We also note the same conviction cannot be used to enhance the second more lenient track. We are troubled by the possibility that someone charged with a possession under the felony track could be enhanced to a class "D" felony offense by two prior simple misdemeanor convictions of possession of paraphernalia, yet the second track requires two serious misdemeanor convictions of possession of marijuana to elevate a third such conviction to an aggravated misdemeanor.

Nonetheless, we decline to go so far as to say the result is absurd and retrofit the legislation as we see fit. Our supreme court has cautioned that "the absurd results doctrine should be used sparingly because it entails the risk that the judiciary will displace legislative policy on the basis of speculation that the legislature could not have meant what it unmistakably said." *Walden*, 870 N.W.2d at 848 (citations omitted). Accordingly, we decline to speculate, and

although the enhancement language in section 124.401(5) creates unusual results, we cannot say it creates absurd results.

Here, Lee-Brown is a person who was convicted of violating subsection 124.401(5) (possession of marijuana) and has previously been convicted not once but twice of violating "this chapter." We agree with the district court that the language is unambiguous. We are unable to conclude the statute creates absurd results. Thus, we affirm. Lee-Brown's policy arguments are more properly addressed to the legislature.

**AFFIRMED.**