# IN THE COURT OF APPEALS OF IOWA

No. 17-0670
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN J. DUNCAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek (trial) and Stuart P. Werling (sentencing), Judges.

        Defendant appeals his conviction for delivery of a controlled substance (methamphetamine). **AFFIRMED.**

        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

        Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

Ryan Duncan appeals his conviction for delivery of a controlled substance (methamphetamine). We determine there is sufficient evidence in the record to support Duncan's conviction. We find the district court did not abuse its discretion in its response to the jury's questions. We find the district court did not err in determining Iowa Code section 124.411 (2015) could be applied to enhance Duncan's sentence. We conclude all of Duncan's claims of ineffective assistance by defense counsel should be preserved for possible postconviction proceedings. We affirm Duncan's conviction and sentence.

## I.   Background Facts & Proceedings

On November 3, 2015, Officer Andrew Raya, who was working undercover with the Quad-City Metropolitan Enforcement Group (MEG), made arrangements to purchase 3.5 grams of methamphetamine from Duncan for $315. Officer Raya met Duncan in a Hy-Vee parking lot in Davenport at about 1:35 p.m. Duncan was sitting in the driver's seat of a gold Cadillac. One of the surveillance agents for the purchase was Special Agent Jereme Hatler of the United States Drug Enforcement Administration, who stated he observed Officer Raya approach "a male human being" in a gold Cadillac. Officer Patrick Mesick, who was also with the MEG, stated he observed Duncan driving a gold Cadillac to the Hy-Vee parking lot.

Duncan was charged with delivery of a controlled substance (methamphetamine), in violation of Iowa Code section 124.401(1)(c)(6), a class "C" felony. The State also alleged Duncan was a habitual offender and would be

subject to a sentencing enhancement under section 124.411 for committing a second or subsequent drug-related offense. Duncan gave notice of defenses of entrapment and diminished responsibility.

Duncan waived reporting of the proceedings impaneling the jury. During the trial, Officer Raya identified Duncan in the courtroom as the person who sold him methamphetamine. He noted Duncan had distinctive tattoos on his neck, which he had observed at the time of the drug transaction. Officer Mesick testified he was shown a photograph of Duncan before the sale. He identified Duncan in the courtroom, stating he resembled the person in the photograph.

After the State's evidence, the district court denied Duncan's motion for directed verdict. Duncan testified he did not sell methamphetamine to Officer Raya on November 3, 2015. In rebuttal, Officer Raya testified he obtained Duncan's cell phone number from a confidential informant. He stated he called the number, set up the drug transaction, and met Duncan for the drug buy as arranged. Officer Raya testified he had absolutely no doubt the person he met was Duncan. The court denied Duncan's renewed motion for a directed verdict.

While the jury was deliberating, they sent two questions to the court, "When judging the credibility of the defendant, what effect should the defendant's conviction for burglary [have], if any?" and "Can the lack of easily obtained evidence be considered when determining reasonable doubt?" The State suggested telling the jury to re-read Instructions 7 through 13, which were the instructions for evaluating the evidence. Defense counsel stated the jury should be pointed in the direction of Instructions 10 and 12, "and I don't necessarily think

that that means that they would not consider any of the other instructions." The district court ruled, "I think that the general approach is better," and told the jury, "Please re-read Instructions 7 through 13."

The jury found Duncan guilty of delivery of a controlled substance. Duncan stipulated to prior convictions for possession of a firearm as a felon and third-degree burglary, which were the predicate felonies for the habitual offender enhancement. He also stipulated to two previous convictions for sponsoring a gathering where controlled substances were used, in violation of section 124.407, for the section 124.411 sentencing enhancement.

At the sentencing hearing, Duncan argued he should not be subject to the enhancement in section 124.411 because his previous convictions under section 124.407 involved marijuana. The court determined Duncan should serve a term of ten years, which was increased to fifteen as Duncan was a habitual offender, and then doubled pursuant to section 124.411, giving Duncan a term of imprisonment not to exceed thirty years.[1] Duncan now appeals his conviction and sentence.

## II. Sufficiency of the Evidence

Duncan claims there is insufficient evidence in the record to support his conviction. Specifically, he states there was not substantial evidence to show he was the person who sold methamphetamine to Officer Raya. Our review of a challenge to the sufficiency of the evidence is for correction of errors at law.

---

[1] The court exercised its discretion by doubling the sentence, which could have been tripled.

*State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). "We will uphold a verdict if it is supported by substantial evidence." *Id.*

"Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence and credit other evidence." *State v. Sanford,* 814 N.W.2d 611, 615 (Iowa 2012). The strength of identity evidence is a question for the jury. *State v. Shorter*, 893 N.W.2d 65, 74 (Iowa 2017). The jury could find Officer Raya's testimony that he personally observed Duncan sell methamphetamine to him more credible than Duncan's testimony he did not make the sale. We determine there is sufficient evidence in the record to support Duncan's conviction for delivery of a controlled substance.

### III.    Jury Questions

Duncan claims the district court abused its discretion in its response to the jury's questions. He states the court should have directed the jury to re-read Instructions 10 and 12, rather than suggesting they re-read Instructions 7 to 13. Instruction 10 noted Duncan had admitted he was previously convicted of a crime and stated, "You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony." Instruction 12 set out the law concerning reasonable doubt. Duncan states the court should have pointed out these two instructions, which more closely aligned to the jury's two questions.

The court has discretion to respond to a jury's questions or to refrain from responding. *State v. McCall*, 754 N.W.2d 868, 871 (Iowa Ct. App. 2008). "A discretionary ruling is presumptively correct, and on appeal will be overturned

only where an abuse of discretion has been demonstrated. An abuse is found only where the discretion is exercised on grounds or for reasons clearly unreasonable." *Id.* (citation omitted).

We find the district court did not abuse its discretion in its response to the jury's questions. Instructions 7 through 13 informed the jury of the basic rules for the consideration of evidence.[2] Rather than point out two of the principles for the jury to consider, the court properly told the jury to re-read all of the instructions on this subject. The court could properly tell the jury to review the instructions. *See State v. Williams*, 341 N.W.2d 748, 752 (Iowa 1983).

**IV.      Sentencing**

Duncan claims the district court should not have applied section 124.411 to double his sentence. He states his two prior convictions under section 124.407 for sponsoring a gathering where controlled substances were used should not be considered as predicate offenses for enhancement under section 124.411 because the controlled substance used at the gatherings was marijuana and possession of marijuana under section 124.401(5) is a not a predicate offense for enhancement under section 124.411. "We review the district court's interpretation and application of a sentencing statute for the correction of errors at law." *State v. Johnson*, 630 N.W.2d 583, 586 (Iowa 2001).

---

[2]   Instruction 7 informed the jury what could be considered as evidence and what could not. Instruction 8 set out the differences between direct and circumstantial evidence. Instruction 9 told the jury to decide the facts from the evidence and consider the credibility of witnesses. Instruction 10 stated the defendant's admission of a prior crime could be considered in determining credibility. Instruction 11 discussed eyewitness identification. Instruction 12 set out the concept of guilt beyond a reasonable doubt. Instruction 13 told the jury all the instructions should be considered together and its decision should be based on the evidence.

Section 124.411 applies to "[a]ny person convicted of a second or subsequent offense under this chapter." Under section 124.411(3), there is an exception for "offenses under section 124.401, subsection 5." One of the offenses under section 124.401(5) is the possession of marijuana. Duncan was not previously convicted under section 124.401(5). He was convicted under section 124.407, "Gatherings where controlled substances unlawfully used." The legislature has specifically determined the sentencing enhancement in section 124.411 does not apply when the underlying offense is a violation of section 124.401(5). Iowa Code § 124.411(3). The legislature has not excluded convictions under section 124.407, and such convictions would therefore be included under the general provision concerning previous convictions under chapter 124. *See State v. Walden*, 870 N.W.2d 842, 846 (Iowa 2015) ("[T]he express mention of one thing implies the exclusion of other things not specifically mentioned."). We find the district court did not err in its interpretation of section 124.411.

## V.    Ineffective Assistance

Duncan claims he received ineffective assistance from defense counsel on several different issues. We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either

element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

When a defendant raises a claim of ineffective assistance of counsel in a direct appeal, we may address the issue if the record is adequate to decide the claim or we may preserve the issue for possible postconviction proceedings. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *Id.* Furthermore, where the claim involves trial strategy or tactics it is preferable to give defense counsel an opportunity to defend against the charge of ineffective assistance. *State v. McNeal*, 867 N.W.2d 91, 106 (Iowa 2015).

Duncan claims he received ineffective assistance because defense counsel failed to: (1) have jury selection recorded in its entirety; (2) object because he was required to wear a "jail armband" during the trial; (3) request an instruction on entrapment and argue entrapment to the jury; (4) move to strike a juror whose spouse worked at the county jail; and (5) subpoena Officer Raya's cell phone records. Duncan agrees the present record is not adequate to address issues (1), (2), and (4). On issue (5), he acknowledges the record might be insufficient to address his claim on direct appeal.

Issue (3) involves a matter of trial strategy and tactics concerning whether to present a defense of denial or entrapment, or to present alternative defenses. Also, on issue (5), there is no evidence as to whether the cell phone records were available and, if they were, whether they would contain evidence helpful to

the defense. We conclude all of Duncan's claims of ineffective assistance by defense counsel should be preserved for possible postconviction proceedings.

We affirm Duncan's conviction and sentence.

**AFFIRMED.**